GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
California Bar No. 149883
Assistant United States Attorney
Chief, Asset Forfeiture Section
FRANK D. KORTUM
California Bar No. 110984
Assistant United States Attorney
Asset Forfeiture Section
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-6166/5710
   Facsimile: (213) 894-7177
   E-mail: Steven.Welk@usdoj.gov
           Frank.Kortum@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAMON RIVERA,<br><br>        Plaintiff,<br><br>v.<br><br>RONNIE A. CARTER, ETC., ET AL.<br><br>        Defendants. | NO. CV 09-2435 FMC (VBKx)<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR AN ORDER AMENDING ORDER OF JULY 31, 2009 GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>DATE: September 21, 2009<br>TIME: 10:00 a.m.<br>CTRM: 750(Roybal) |

///

///

It is worth noting at the outset that plaintiff's opposition to the defendants' motion for a limited modification to the Court's Order Granting Preliminary Injunction contains almost no mention of the plaintiff or the plaintiff's rights. That is because plaintiff's rights are fully protected by the portions of the Order which the defendants do not seek to modify. Plaintiff's opposition instead consists of argument on behalf of the Mongols motorcycle gang and the individual defendants in *United States v. Cavazos*, for whom plaintiff is not entitled to speak or argue, either in this case or *Cavazos*.

This action, which is not the criminal action in which the forfeiture of the registered marks is sought, and plaintiff's motion, were premised upon plaintiff's claim that the Amended Order infringed on his First Amendment rights. In arguing that the scope of the Amended Order should be limited to prevent the government from seizing any property from *him*, he presented many arguments, but his argument concerning the significance of the *in personam* nature of criminal forfeiture did not appear until his final brief, to which the defendants were never given an opportunity to respond. The Court's adjudication of the merits of the *Cavazos* criminal forfeiture in its July 31 Order in this case relied heavily upon that argument.

It is wrong to state, as plaintiff does in his opposition, that defendants (in their motion) have "repackag[ed] arguments the Court has already rejected" (Opposition at 2), because the defendants were never given any opportunity to be heard on plaintiff's argument concerning the *in personam* nature of criminal forfeiture as it relates to the criminal forfeitability of the marks in the *Cavazos* case. Nor was there any reason for the defendants to address those issues in this case, since they had no reason to suspect that the Court would use this case to make a final merits determination of the criminal forfeiture in *Cavazos*. In its July

31 Order, the Court determined that the Amended Order did potentially infringe on plaintiff's rights, and entered a *preliminary* injunction prohibiting the government from seizing anything from plaintiff pursuant to the Order, a holding that the defendants have not sought to modify. The motion is therefore not a motion for reconsideration because the defendants do not seek to change the Court's ultimate ruling in the July 31 Order; they merely seeks a clarification that the Court did not intend to improperly and prematurely make a final determination of issues between different parties in a separate, pending criminal prosecution.

Even if this motion was considered a motion for reconsideration, such a motion is properly granted where the court has committed clear error or made a manifestly unjust decision. *See School district 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Kona Enterprises, Inc. V. Estate of Bishop*, 229 F,3d 877, 890 (9th Cir. 2000). As explained in detail in the defendants' moving papers, the premature determination of the criminal forfeitability of property is improper when it occurs in the criminal case in which the issues are raised. There is literally no authority for the proposition that it is appropriate for a court in a civil case to adjudicate the merits of a criminal forfeiture sought in a separate criminal prosecution involving different parties. Plaintiff certainly cites no authority for that proposition in his opposition, opting instead to litter his response with rhetorical flourishes accusing the defendants of "violating the rights of an uncharged person" (Opposition at 6) and making the outrageous and unfounded suggestion that the defendants "committed a fraud on the Court" (Opposition at 5).

The sole forfeiture case relied upon by plaintiff is an unpublished district court case out of the Eastern District of New York, *United States v. Surgent*, 2009 WL 2525137 (E.D. N.Y. Aug. 17, 2009) . Even plaintiff admits at page 8 of his opposition that the case is distinguishable (Opposition at 7), but he fails to

acknowledge that it actually bears no similarities whatsoever to the situation before the Court here and that the court's analysis actually supports the defendants' position. *Surgent* is a criminal case, which this case is not. *Surgent* is a money laundering case in which forfeiture was sought under 18 U.S.C. § 982, not a RICO case in which forfeiture is sought under 18 U.S.C. § 1963. *Surgent* addressed the standards to be applied in the entry of a Final Order of Forfeiture by which the government sought the entry of a money judgment and substitute property. Here, the government is seeking a *Preliminary* Order of Forfeiture (in a separate case) with respect to specific property alleged (and admitted) to have been involved in the underlying substantive offenses to which the defendant has plead guilty. In *Surgis*, the defendant against whom the forfeiture order was sought opposed its entry, and the ancillary proceeding was brought by the wife of the defendant, who argued that she was the true owner of the substitute property sought by the government. Here, no defendant has opposed the entry of the proposed Preliminary Order of Forfeiture in *Cavazos*, and plaintiff has not only repeatedly disavowed any ownership interest in the property sought for forfeiture, but has managed to use his lack of a cognizable legal interest to avoid the bar of 18 U.S.C. § 1963(i).

     However, what is most alarming about plaintiff's reliance on *Surgent* is his misrepresentation of the *Surgent* court's discussion of the Advisory Committee Notes to Rule 32.2. The discussion of the Notes in *Surgent* is in the context of its analysis concerning what the government has to prove in order to obtain an order of forfeiture for *substitute* assets. In the course of that discussion, the court notes the distinction between substitute assets and "offense property" (*i.e.*, property alleged actually to have been involved in the underlying offense rendering it subject to forfeiture), such as the marks in *Cavazos*. "The offense property

4

provision [of 18 U.S.C. § 982] requires the forfeiture of property 'involved in' the crime, and is not explicitly limited to property 'of the defendant.' Accordingly, ***when the government seeks an order forfeiting offense property, the government need not make a preliminary showing of the defendant's ownership to show that the property is subject to forfeiture*** . . . . *Id.* at *22 (emphasis added).[1] Plaintiff then cites to this court's July 31 Order for the proposition that ""RICO forfeitures applies only to 'a RICO defendant's property and his interest in the RICO enterprise.'" Opposition at 8.

      This is another in a long series of legal feints by plaintiff. The *Surgent* court did not rely on this Court's July 31 Order in reaching its conclusion. It relied on the language of the statute under which the government was seeking forfeiture, 18 U.S.C. § 982. If the Court does the same here, it will be compelled to reach the same conclusion. The language of 18 U.S.C. § 1963 is far more broad than that in § 982, requiring the forfeiture of "any interest the person has acquired or maintained in violation of section 1962" (18 U.S.C. § 1963(a)(1)), any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over the RICO enterprise which the person has established, controlled, conducted or participated in (18 U.S.C. § 1963(a)(2); and any property constituting or derived from any proceeds obtained, directly or indirectly, from racketeering activity. 18 U.S.C. § 1963(a)(3). Like § 982, the forfeiture provisions of § 1963 are "not explicitly limited to property 'of the

---

[1] Plaintiff suggests in footnote 8 of his opposition that *United States v. Lazarenko*, 575 F.Supp.2d 1139 (N.D. Cal. 2008) "does not apply because it is a case about "offense property." So is this case. The *Surgent* court distinguished between offense property and substitute property. The property here, like in *Lazarenko*, is alleged to be directly forfeitable pursuant to § 1963. It is therefore "offense property."

defendant.'"  *Surgent* at *22.  Like § 982(a), § 1963(a) provides that "the court . . . shall order . . . that the person forfeit to the United States all property described in this subsection."  It does not say that the person shall forfeit all of "his or her" property.  The *Surgent* court concludes, in agreement with every single authority before the Court in this case, that "the ancillary proceeding has become the forum for determining the extent of the defendant's forfeitable interest in the property," and that the standard applicable to substitute property is substantively different than that applicable to offense property.  *Sturgent* at *22  (quoting the Advisory Committee Notes).[2]

What has been presented to this Court is overwhelming unanimous authority that it is improper under Rule 32.2 for the Court to finally adjudicate the issue of ownership of property subject to forfeiture until the ancillary proceeding stage in the criminal case.  There is not a shred of authority, statutory or judicial, for the proposition that such an adjudication is proper in a civil case involving entirely different parties, or even in the criminal case before entry of the Preliminary Order of Forfeiture.  The merits of the criminal forfeiture in *Cavazos* are not properly before the Court for adjudication in this case, and never were.  To the extent that the plaintiff's individual rights were affected by the amended Order, the unchallenged portion of the Court's July 31 Order granting plaintiff's motion resolves those issues, as the defendants have agreed that they will not seek to seize any items from plaintiff pursuant to the Order.[3]

---

[2] "Thus, I conclude that these passages in the notes pertain only to the forfeiture of offense property, and therefor shed little light on the issue at hand."  *Id.*

[3] Plaintiff's demand that the government be "precluded[d] . . . from seizing any items bearing the mark under any circumstances" (Opposition at 9) is completely without support or authority, and goes well beyond the relief requested

Plaintiff's other arguments are equally unavailing in light of the limited relief sought by the defendants' motion. The ten-day limit on motions to reconsider preliminary injunctions does not bar defendants' motion because, for the reasons stated above, the defendants' motion is not a motion for reconsideration. Moreover, as noted by the court in the case relied upon by plaintiff, *Credit Suisse First BostonCorp. V. Grunwald*, 400 F.3d 1119 (9th Cir. 2005), notwithstanding the ten-day time limit, "a district court can modify an interlocutory order 'at any time' before entry of a final judgment, and we have long recognized 'the well-established rule that a district court always has power to modify or to overturn an interlocutory decision while it remains interlocutory.'" *Id.* at 1124, quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963).

> In determining whether a motion requesting the district court to reconsider its preliminary injunction should be treated as a motion for reconsideration under Rule 59 or a motion for dissolution or modification under Rule 54, we agree with the Third Circuit that "we must look beyond the motion's caption to its substance." While "[t]he purpose of a motion to reconsider under [Rule 59(e)] is to relitigate the 'original issue,'" "[a] motion to modify a preliminary injunction is meant only to relieve inequities that arise after the original order."

*Id.* (Internal citations omitted). Here, the defendants' motion seeks only to modify the July 31 Order so that it does not effect the improper and untimely determination of the merits of a dispute in a separate case.

---

in plaintiff's complaint and his motion. Plaintiff sought only to limit the government's authority to seize items pursuant to the Amended Order, not to prohibit seizures "under any circumstances." The ruling plaintiff requests would, for example, allow him to offer items bearing the mark in exchange for drugs with impunity. Plaintiff is not entitled to such protection, and has made no showing that he is entitled to such extraordinary relief.

7

Plaintiff's argument regarding the Court's ability to disregard the scope of his complaint and his motion is similarly unavailing. The defendants' argument concerning the forfeitability of the marks was for the limited purpose of informing the Court's determination of whether plaintiff was entitled to be exempted from the scope of the Amended Order. The defendants never consented to a trial of the merits of the criminal forfeitability of the marks in the context of plaintiff's motion. Plaintiff's authority does not support the proposition that the United States government can impliedly give such consent in circumstances like those presented here. *See Galindo v. Stoody, Inc.*, 793 F.2d 1502 (9th Cir. 1986) (involving a union member's effort to seek relief from his employer and union); and *Bobrick Corp. v. American Dispenser Co.*, 377 F.2d 334 (9th Cir. 1967) (involving a jurisdictional issue over proper service in a patent infringement case).

Plaintiff also includes lengthy argument concerning trademark law (Opposition at 4-6), which is nothing more than yet another attempt to improperly litigate the issue of the ownership and forfeitability of the marks which, based on the unanimous authorities in the moving and opposition papers, is not properly determined until the ancillary proceedings in the criminal case. Plaintiff has not cited a single authority for the proposition that the merits of a criminal forfeiture are properly determined in a separate civil case involving a party with no ownership interst in the property at issue. As desperately as plaintiff and his lawyers wish to litigate those issues here, there is simply no authority that will allow it.

What plaintiff does not do in his opposition is demonstrate that the defendants are not entitled to the limited relief requested in their motion. The undisputed authority before the Court shows that plaintiff's motion was not the proper setting for a determination of the merits of the criminal forfeiture in

*Cavazos*, either pursuant to Civil Rule 65 or Criminal Rule 32.2. The purported owners of the registered marks have demonstrated that they are fully prepared to defend against the forfeiture of the marks, so there is no danger that the forfeiture will go unchallenged in the criminal case. Plaintiff is not entitled to any more relief than he has already obtained by his motion, and, in particular, has failed to prove an entitlement to a preliminary injunction that would prohibit the government from enforcing federal law.

For all of the reasons stated herein and in the defendants' moving papers, defendants respectfully request that the Court withdraw that portion of its July 31 Order which purports to adjudicate the merits of the criminal forfeiture of the registered marks sought in *United States v. Cavazos*. The defendants further request that further proceedings in this matter be stayed until the conclusion of the criminal forfeiture proceedings in *Cavazos* insofar as this action presents legal and factual issues that are likely to be resolved in their entirety through the resolution of the criminal forfeiture proceedings in *Cavazos*. To the extent any issues remain following the conclusion of the proceedings in *Cavazos*, the remaining issues can be determined at that time.

DATED: September 4, 2009

GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

_____
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

Attorneys for Defendants