1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON RIVERA,<br><br>        Plaintiff,<br><br>vs.<br><br>RONNIE A. CARTER, Acting Director, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF); JOHN A. TORRES; Special Agent in Charge, ATF Los Angeles Field Division; ERIC H. HOLDER, United States Attorney General,<br><br>        Defendants. | Case No. 2:09-cv-2435-FMC-VBKx<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND ORDER GRANTING PRELIMINARY INJUNCTION<br><br>AND<br><br>ORDER DENYING THE GOVERNMENT'S MOTION FOR AN ORDER AMENDING ORDER OF JULY 31, 2009 GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

        This matter is before the Court on Plaintiff Ramon Rivera's Motion to Amend Order Granting Preliminary Injunction (docket no. 40), filed August 13, 2009, and the Government's Motion for an Order Amending Order of July 31, 2009 Granting Plaintiff's Motion for Preliminary Injunction (docket no. 42), filed August 21, 2009. The Court has read and considered the moving, opposition, and reply documents submitted in connection with this motion. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the hearing date set for September 21, 2009, is removed from the Court's calendar. For the reasons and in the manner set forth below, the Court

hereby DENIES Plaintiff's Motion to Amend Order Granting Preliminary Injunction and DENIES the Government's Motion for an Order Amending Order of July 31, 2009.

## I. BACKGROUND

On July 31, 2009, the Court granted Plaintiff's Motion for Preliminary Injunction ("Preliminary Injunction Order"), which enjoined the Government from seizing Plaintiff's property bearing the first "MONGOLS" trademark, Registration No. 2916965.[1] The Court previously entered on October 21, 2008 a Post-Indictment Amended Restraining Order ("Amended Order") permitting seizure of property bearing the "MONGOLS" word mark. Plaintiff now moves to broaden the scope of the Preliminary Injunction Order, to cover either or both of the trademarks owned by the Mongol Nation. The Government moves to narrow the reach of the

---

[1] The unincorporated association, Mongol Nation Motorcycle Club ("Mongol Nation"), owns two registered marks. The first mark is the word, "MONGOLS" (Registration No. 2916965), which is a collective membership mark used for "association services, namely promoting the interests of persons interested in the recreation of riding." (Welk Decl., Ex. B, docket no. 21-5.) The second mark is an image that depicts an individual seated on a motorcycle, and contains the initials, "M.C." (Registration No. 3076731). (Blair-Loy Decl., Ex. 3 at 22, docket no. 7-3.) The Court's Amended Order only applies to the first mark, Registration No. 2916965. Though the Government has since sought to forfeit the second mark as well, the Government has not moved for a post-indictment restraining order in connection with the second mark.

1 Preliminary Injunction Order, to withdraw those portions of the Order adjudicating
2 the forfeitability of the first mark. For additional background information, see the
3 Court's Preliminary Injunction Order.

## II. DISCUSSION

A. Plaintiff's Motion to Amend

Plaintiff asserts the Preliminary Injunction Order should be amended because the Government has drawn no distinction between the two marks and has seized property bearing both marks, as well as property bearing just the second mark. Plaintiff cites his own declaration and the declaration of Martin Guevara, the current Mongol Nation national president, in support of this proposition. (Rivera Decl. ¶¶ 8-12, docket no. 7-4; Guevara Decl. ¶¶ 6, 12, 18, docket no. 33-12.) The Government acknowledges that items bearing both of the marks were seized because both marks are often affixed to Mongols apparel. However, the Government denies any items were seized that only bear the second mark. There is no declaration or claim from any individual that his or her personal property bearing only the second mark was seized.

The Court declines to broaden its Preliminary Injunction Order to encompass the second mark. The Government has not moved for a post-indictment restraining order directed at the second mark and therefore has no authority to seize items bearing only the second mark. There is minimal evidence that property bearing only the second mark has been seized. Mr. Rivera testifies that he witnessed seizure of items bearing the "Image," but his declaration does not specify whether the "Image" is the only mark affixed to the item seized. Mr. Guevara testifies that property was seized bearing only the "Club's Logo, without any reference to the MONGOLS mark," but does not identify the owner of the property or the property itself. Moreover, nobody has claimed an ownership interest in seized property that bears just the second mark. An Order from this Court enjoining unauthorized activity in which the Government may not have engaged, would amount to an advisory opinion,

3

1  which federal courts are not authorized to issue. *See Flast v. Cohen*, 392 U.S. 83, 96
2  n.14, 88 S. Ct. 1942, 20 L. Ed. 2d 947 (1968).  Plaintiff's Motion to Amend Order
3  Granting Preliminary Injunction is hereby DENIED.
4  B.    The Government's Motion to Amend
5  The Government moves to amend the Court's Preliminary Injunction Order,
6  to withdraw those portions of the Order which adjudicate the forfeitability of the first
7  trademark.  The Government argues that its motion is not a motion for
8  reconsideration.  Nonetheless, the Government's motion revisits the same issues and
9  raises many of the same arguments that were previously before the Court.  These
10  issues include Plaintiff's standing to challenge the forfeitability of the trademark in
11  a civil case, the statutory bar against intervention codified at 18 U.S.C. § 1963(i), the
12  *in personam* nature of criminal forfeiture, and the timing issues surrounding an
13  ancillary proceeding.  The Government asserts it did not have an opportunity to
14  address these issues because Plaintiff raised the issue of forfeitability for the first
15  time in its supplemental brief.  However, after Plaintiff filed his supplemental brief,
16  the Government filed objections and a motion to strike (docket no. 37), which were
17  directed at the forfeitability of the trademark.  The objections also referenced the
18  forfeitability arguments contained in the Government's Application for Preliminary
19  Order of Forfeiture in *United States v. Cavazos, et al.*, Case No. 2:08-cr-1201-FMC.
20  The Court considered those arguments in its Preliminary Injunction Order.  The
21  Court finds that the Government had a full and fair opportunity to address the
22  forfeitability of the trademark when the Preliminary Injunction Order was issued.
23  The Court therefore treats the Government's motion to amend as a motion for
24  reconsideration.
25  Pursuant to Local Rule 7-18, a motion for reconsideration may be made only
26  on the grounds of:
27  (a) a material difference in fact or law from that presented to the Court
28  before such decision that in the exercise of reasonable diligence could

4

1  not have been known to the party moving for reconsideration at the
2  time of such decision, or (b) the emergence of new material facts or a
3  change of law occurring after the time of such decision, or (c) a
4  manifest showing of a failure to consider material facts presented to the
5  Court before such decision.

6 C.D. Cal. L.R. 7-18. Local Rules have the force and effect of law so long as not
7 inconsistent with statutes or the Federal Rules. *Atchison, Topeka & Santa Fe*
8 *Railroad Co. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998). The
9 Government states a motion for reconsideration may be granted where the court has
10 committed clear error or made a manifestly unjust decision. (Reply at 3.) This
11 proposition does not comport with Local Rule 7-18. The Government fails to
12 demonstrate that reconsideration is warranted under Local Rule 7-18. Therefore, the
13 Court will not reconsider its Preliminary Injunction Order dated July 31, 2009. The
14 Government's Motion for an Order Amending Order of July 31, 2009 Granting
15 Plaintiff's Motion for Preliminary Injunction is hereby DENIED.

### III. CONCLUSION

For the foregoing reasons and in the manner set forth above, Plaintiff's Motion to Amend Order Granting Preliminary Injunction (docket no. 40) is hereby **DENIED**. The Government's Motion for an Order Amending Order of July 31, 2009 Granting Plaintiff's Motion for Preliminary Injunction (docket no. 42) is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: September 11, 2009

*/s/ Florence-Marie Cooper*

FLORENCE-MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT